IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:14-CV-407-BO

| | | |
|---|---|---|
| BRANCH BANKING AND TRUST COMPANY, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | ORDER |
| MAXIM INTEGRATED PRODUCTS, INC., | ) ) ) ) | |
| Defendants. | ) | |

This matter comes before the Court on defendants' motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(2), (3), and (6), to which the plaintiff has responded in opposition. [DE 12, 15]. A hearing was held before the undersigned on December 3, 2014, in Raleigh, North Carolina, and the matter is ripe for ruling. For the reasons discussed below, defendants' motion is GRANTED.

## BACKGROUND

This action involves an alleged contract between plaintiff Branch Banking and Trust Company ("BB&T") and defendant Maxim Integrated Products ("Maxim"). The alleged contract stems from separate patent suits between the parties pending in United States District Courts in the Eastern District of North Carolina (No. 5:12-CV-353-D) ("the first North Carolina action") and the Eastern District of Texas (No. 4:12-CV-369-RAS) ("The Texas action"). Apparently in order to streamline the proceedings, the parties agreed that BB&T would withdraw its opposition to transferring the first North Carolina action to the Western District of Pennsylvania as part of a multidistrict litigation consolidated by the Judicial Panel on Multidistrict Litigation. The parties

also agreed that the Texas action would be dismissed, but they disagree as to whether the agreement provided that the dismissal would be with prejudice. BB&T argues that the agreement provided for a dismissal with prejudice, while Maxim argues that the agreement provided for a dismissal without prejudice. This dismissal is the subject of the instant claim.

Maxim subsequently filed a notice of voluntary dismissal and proposed order in the Texas action requesting a dismissal with prejudice in favor of its counterclaims filed in the North Carolina case. The Texas court signed the proposed order provided by Maxim and dismissed the case with prejudice on July 13, 2012. BB&T withdrew its opposition to the transfer of the first North Carolina action, and that claim was transferred to the Western District of Pennsylvania. On September 10, 2012, Maxim then filed a motion pursuant to Federal Rule of Civil Procedure 60 to correct the judgment in the Texas action, arguing that it should have been dismissed without prejudice. Maxim's Rule 60 motion was based on the fact that BB&T was claiming *res judicata* on Maxim's counterclaims in the case before the Western District of Pennsylvania. The issue was heavily briefed, and the Texas court ultimately granted Maxim's motion and amended the judgment to reflect a dismissal without prejudice on May 23, 2013. BB&T appealed, and argued on appeal that dismissal with prejudice was a term of the parties' binding contract. The case was argued before the Federal Circuit Court of Appeals on February 7, 2014, and on March 10, 2014, the Texas court's decision to amend the judgment was affirmed.

In June 2014, BB&T initiated the instant action in Wake County Superior Court claiming that Maxim breached the parties' contract by requesting that the Texas court correct the judgment to reflect a dismissal without prejudice. Maxim removed the case to this Court pursuant to 28 U.S.C. § 1332 as a result of the parties' complete diversity of citizenship on July 18, 2014. Accordingly, the Court has subject matter jurisdiction. Maxim subsequently filed a

2

motion to dismiss arguing that collateral estoppel and res judicata preclude this Court from hearing the case and also that the Court lacks personal jurisdiction.

## DISCUSSION

"Collateral estoppel, like the related doctrine of res judicata, has the dual purpose of protecting litigants from the burden of re-litigating an identical issue with the same party or his privy and of promoting judicial economy by preventing needless litigation." *Parklane Hosiery Co., Inc. v. Shore*, 439 U.S .322, 326 (1979). Under the doctrine of collateral estoppel, "a final judgment on the merits prevents re-litigation of issues actually litigated and necessary to the outcome of the prior action in a later suit involving a different cause of action between the parties or their privies." *Thomas M. McInnis & Assoc., Inc. v. Hall*, 349 S.E.2d 552, 557 (N.C. 1986). If subject matter jurisdiction is based on diversity, a court must evaluate a collateral estoppel argument under state law. *See, e.g., Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938); *Graves v. Associated Transport, Inc.*, 344 F.2d 894 (4th Cir. 1965). To demonstrate that an issue is barred by collateral estoppel, in North Carolina the moving party must show (1) the earlier suit was between identical parties or parties in privity; (2) resulted in a final judgment on the merits; (3) involved an identical issue; (4) which was actually litigated and necessary to the judgment; (5) and was actually determined. *McInnis & Assoc.*, 349 S.E.2d at 557; *State ex rel. Tucker v. Frinzi*, 474 S.E.2d 127, 128–129 (N.C. 1996).

BB&T concedes that the Texas court's determination of Maxim's Rule 60 motion is a final judgment, that there is sufficient identity of the parties, and that in the Texas action, "reference was made to the parties' agreement regarding resolution of the Texas action." [DE 16 at 26]. The Court agrees. At issue is whether the identical issue—the existence of a contract between the parties regarding the type of dismissal to be entered in the Texas case—was before

3

the Texas court, was actually litigated and necessary to the judgment, and was actually determined. BB&T argues that the Texas court and Federal Circuit Court of Appeals were never required to rule on the issues presented before this Court, while Maxim argues that both courts addressed the very same issues presented here.

The Court finds Maxim's position more persuasive. The existence of the contract at issue in this lawsuit was the fundamental basis of BB&T's opposition to the Rule 60 motion. Def's Resp. in Opp'n to Mot. to Amend/Correct, DE 15 at 3–4, 8–9, *Maxim v. BB&T*, No. 4:12-CV-369-RAS (E.D.Tex. Sept. 19, 2012); Def's Sur-Reply, DE 20 at 3–4 (Oct. 2, 2012). The parties did indeed litigate the existence of a contract—the briefs submitted by both parties following Maxim's Rule 60 motion and the briefs on appeal, all of which this Court has reviewed, extensively discuss whether the parties agreed that the dismissal would be with prejudice. In the district court, BB&T argued that the parties' extensive correspondence confirmed that the parties meant for the court's order to use the words "with prejudice," Def's Resp. in Opp'n to Mot. To Amend/Correct, DE 17 at 3–4, (Sept. 19, 2012), while Maxim argued that the parties intended to allow Maxim's counterclaims in the Pennsylvania case, Pl.'s Mot. to Amend/Correct J., DE 11 at 1–3 (Sept. 10, 2012). The existence of the purported contract was necessary to the judgment, as the Texas court actually amended the judgment in light of the existence, or lack thereof, of the contract. Had this issue not been raised, the Texas court never would have amended its judgment. Accordingly, this Court finds that the prior proceeding involved an identical issue that was actually litigated and was necessary to the judgment.

Instead of relying on the purported contract and declining to act under Rule 60, however, the Texas court amended the judgment pursuant to Rule 60. It is clear from the voluminous briefing that the existence of a contract between the parties was the primary issue before the

4

Texas court when it was addressing the Rule 60 motion. It is likewise clear that the Texas court found that a contract requiring dismissal with prejudice did not exist. Although the Texas court's order amending the judgment does not explicitly address the nonexistence of a contract—it simply notes that "good cause exists" for amending the judgment— the court amended its judgment in contravention of BB&T's arguments that a contract existed. That decision was affirmed on appeal by the Federal Circuit. The Court therefore finds that the issue was actually determined, thereby satisfying the last requirement of collateral estoppel.

Because the requirements of collateral estoppel have been satisfied, the doctrine is applicable in this case. "It is elementary and fundamental that every person is entitled to his day in court to assert his own rights to defend against their infringement. But public policy is equally as adamant in its demand for an end to litigation when complainant has exercised his right . . . ." *Crosland–Cullen Co. v. Crosland*, 105 S.E.2d 655 (1958) (internal citation and quotation omitted). Accordingly, plaintiff's claim in this Court is barred by application of collateral estoppel, the Court lacks subject-matter jurisdiction, and this action must be dismissed.

Defendant also raises res judicata as a barrier to this action. When a federal court is sitting in diversity, the issue of whether a claim is barred by res judicata is decided by application of state law. *Witthohn v. Fed. Ins. Co.*, 164 F. App'x 395, 397 n.2 (4th Cir. 2006); *Graves v. Associated Transport, Inc.*, 344 F.2d 895, 896 (4th Cir. 1965) (holding that the rights and obligations of parties are governed by state law when a federal court is sitting in diversity). In North Carolina, res judicata bars a claim where there is "(1) a final judgment on the merits in an earlier suit, (2) both cases involve the same cause of action, and (3) the new claim involves the same parties as the earlier suit, or their privies." *Whitaker v. Nash-Rocky Mount Bd. of Educ.*, 474 F. App'x 912, 913 (4th Cir. 2012) *citing State ex rel. Tucker v. Frinzi*, 474 S.E.2d 127, 128

(N.C. 1996). Under North Carolina law, res judicata will not bar successive suits, even when based on the same predicate facts, "where the complaining party has not had an opportunity to litigate, in a single judicial proceeding, all claims arising from the transaction or events at issue." *Whitaker*, 474 F. App'x at 913. As addressed in the collateral estoppel section, *supra*, there is a final judgment in the merits, the new claim involves the same parties as the earlier suit, and both cases involve the same cause of action. Moreover, BB&T had an opportunity to litigate, and did in fact litigate, the existence of the purported contract before the Texas court and before the Federal Circuit. Accordingly, even if collateral estoppel did not preclude these claims, the Court finds that res judicata alternatively precludes it from addressing this case.

Defendant also moves to dismiss based on lack of personal jurisdiction pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure. Irrespective of whether the Court has personal jurisdiction, plaintiff's claims are barred by the doctrines of collateral estoppel and res judicata. The Court therefore declines to address the question of personal jurisdiction.

## CONCLUSION

For the aforementioned reasons, defendants' motion to dismiss is GRANTED. The case is hereby DISMISSED and the Clerk is DIRECTED to close the file.

SO ORDERED, this 16 day of December, 2014.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE